■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS KLING, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Queens County, entered April 2, 1958, which denied without a hearing his application to vacate a judgment of said court rendered May 2, 1952, after a jury trial, convicting him of robbery in the first degree and other crimes, and imposing sentence. Order affirmed. Defendant was indicted for the crimes of burglary in the third degree, robbery in the first degree, grand larceny in the first degree, and assault in the second degree. On the trial he was represented by two assigned counsel. On April 1, 1952 the jury found him guilty as charged. On May 2, 1952 he was sentenced as a fourth felony offender to serve a term of 30 years to life. On April 28, 1958 he was resentenced as a third felony offender to serve a term of 20 to 60 years. Theretofore, and on April 2, 1958 the order presently under review was made, denying without a hearing the defendant's *coram nobis* application. On such application, one of the grounds asserted by the defendant was that one of the counsel assigned to him for the purposes of trial had been requested by him and had promised to file a timely notice of appeal, but that such counsel had failed to do so. An appeal from said order was originally dismissed by this court for lack of prosecution (11 A D 2d 917, cert. den. 361 U. S. 935); such dismissal was vacated by this court on October 9, 1962. In *People* v. *Coe* (16 A D 2d 876), the Appellate Division, Fourth Department, reversed an order which had denied without a hearing a *coram nobis* application and remanded the proceeding to the County Court for a hearing to determine whether or not the defendant there had been prevented by the acts of his assigned counsel from taking an appeal because of such counsel's alleged advice to him that appeal was "impossible" due to a lack of funds to cover the cost of a transcript of the trial minutes and the cost of printing the papers on appeal. In our opinion, under the circumstances of this case, the determination in the *Coe* case should not be followed here for the following reasons: (1) Post-conviction relief is available to a defendant only where the acts complained of are those of the State. The court does not stand as surety for the proper performance of assigned counsel's professional duties (*People* v. *Tomaselli,* 7 N Y 2d 350). (2) Deprivation of the right to appeal is not per se sufficient to warrant vacatur of the judgment of conviction in a criminal case; a showing that reversible error was committed at the trial is also required (*Mitchell* v. *United States,* 254 F. 2d 954). Here there is no such showing. (3) Counsel here had been assigned only for the purpose of trial. In a noncapital case, the functions and the authority of assigned counsel terminate with the rendition of judgment. The trial court may not assign counsel to prosecute an appeal. For the purpose of prosecuting an appeal in this court, only this court is empowered to assign counsel. If one of the former assigned counsel was requested by defendant to file a notice of

appeal and if such counsel agreed to do so, he became, in effect, retained counsel. As to retained counsel, *coram nobis* is not available under the facts of this case. "This court is not empowered to enlarge the time to appeal, and it cannot assume to exercise such power indirectly. If the time to appeal is to be extended it must be done by legislative action" (*People* v. *Marchese,* 19 A D 2d 728). We have examined the other alleged grounds for *coram nobis* and find that none of them has merit. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Kleinfeld, J., dissents and votes to reverse the order and to remand the proceeding to the Criminal Term, Supreme Court, Queens County, for a hearing on the issue of whether defendant, by reason of the conduct of his assigned counsel, was deprived of his right to appeal (*People* v. *Coe,* 16 A D 2d 876).